

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 12, 1939

Hon. Martelle McDonald
District Attorney
70th Judicial District
Big Spring, Texas

Dear Mr. McDonald:

Opinion No. O-64
Re: Validity of Indictment present-
ed during extension of term of the
District Court, where extension was
made to allow Grand Jury to continue
its deliberations.

Your request for an opinion has been received by this office. You ask the following question:

Are indictments presented during an extension of a term of the District Court valid, where the order extending the term reflects that the extension was made to allow the Grand Jury to continue its deliberations?

Article 1923, Revised Civil Statutes, 1925, and Article 200a, Acts 40th Legislature, ch. 158, pp. 228-231, are the statutes authorizing the extension of terms of the District Court.

Hamilton vs. Empire Gas & Fuel Co. (Commission of Appeals, Section B) 110 S.W. (2d) 561, opinion adopted, construes Article 1923 as authorizing only the extension of the term for the conclusion of the pending "trial" of the particular case on account of which the order is made, and not the extension of the term generally; and construes Article 200a to authorize a District Judge to extend his term when necessary to dispose of "pending litigation".

Deliberations and investigations being conducted by the Grand Jury do not, in our opinion, constitute "trials" or "pending litigation", within the meaning of either of the statutes mentioned. The Grand Jury is not authorized to "try" cases, but only to investigate and institute the proceeding, by presenting an indictment to the court. When the indictment is presented to the court, the matter becomes "pending litigation" -- not before. Until the present-ment of the indictment to the court, the essential element of "litigation" -- that of a "judicial contest" (see Words & Phrases) -- is lacking.

The language of the order which you enclosed expressly ex-cludes the idea that the term was extended generally under Article

200a in order to dispose of "pending litigation" by stating the reason for the extension to be to allow the Grand Jury to continue its deliberations. To this order, the comments, quoted below, of Judge Davidson in his dissenting opinion, in the case of Alexander v. State, 204 S.W. 644, are applicable:

> "* * * the question of the extension of the term under Article 1726 of the Revised Civil Statutes (now Article 1923) has no application. The evidence and the bill excludes the idea that there was a pending trial before the court at the time the order was entered. The only reason was that the Grand Jury requested it, that they might be enabled to dispose of some matters they had under investigation."

The case of Ex parte McKay, 199 S.W. 637, is distinguishable, in that there the order extending the term under what is now Article 1923, recited that the extension was made on account of very important unfinished business of the court, and it was held that the order was valid on its face and could not be inquired into collaterally in a habeas corpus proceeding. But the court stated that if a direct attack was made, the facts might be inquired into and their sufficiency to authorize the extension passed upon, and the order, if invalid, set aside. The court in that case presumes, on collateral attack, in view of the broad language used in the order, that the extension was made under Article 1923 for the conclusion of a pending trial of a particular case, and assumes that an extension under that Article would operate as an extension of the term generally, which latter assumption has been determined to the contrary by the Supreme Court in the Hamilton case, cited above.

For the reasons stated, we are of the opinion that under the circumstances, the indictments you mention are invalid.

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By    R. W. FAIRCHILD    (SGD.)
                    Assistant

RWF:PBP

APPROVED:

GERALD C. MANN (SGD.)

ATTORNEY GENERAL OF TEXAS